UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1176(DSD/DTS)

R. Thomas Erickson, Richard L.
Fredrick, Troy D. Gustafson, and
William C. Wedebrand, as Union
Trustees of the Minneapolis Food
Distributing Industry Pension Plan,

    Plaintiffs,

v.        **ORDER**

Jon Born, Tracy McDonald,
Sabin Peterson and William
Seehafer, as Employer Trustees
of the Trust,

    Defendants.

    Thomas C. Atmore, Esq. and Leonard, O'Brien, Spencer, Gale & Sayre, Ltd, 100 South 5th Street, Suite 2500, Minneapolis, MN 55402, counsel for plaintiffs.

    Michael G. Congin, Esq. and Littler Mendelson, 80 South 8th Street, Suite 1300, IDS Center, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for remand by plaintiffs R. Thomas Erickson, Richard L. Fredrick, Troy D. Gustafson, and William C. Wedebrand, as Union Trustees of the Minneapolis Food Distributing Industry Pension Plan Trust (Union Trustees).[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

---

[1] Plaintiffs captioned the petition <u>In the matter of the Minneapolis Food Distributing Industry Pension Plan, a Trust created under Amended and Restated Trust Agreement effective January 1, 1975, as further amended</u>. On removal, defendants re-captioned the case as set forth above.

## BACKGROUND

This dispute arises out of a trust agreement governing the pension plan for the Minneapolis Food Distributing Industry (Trust Agreement). The Trust Agreement, created in 1969 and amended several times since, was established to provide pension benefits for "employees employed under certain collective bargaining agreements." Pet. Ex. 1, at 1; id. ¶¶ 1-2. Under its terms, four trustees are appointed to represent the employers of plan participants (Employer Trustees) and four trustees are appointed to represent the unions participating in the pension plan (Union Trustees). Pet. ¶ 4; id. Ex. 1 § 4.8. Employer Trustees are selected by "Employers of a majority of Participants." Id. Ex. 1 § 4.8; id. Ex. 1, Amendment Nos. 2, 3. "Participants" are defined as "[a]ny Employee or former Employee who is eligible for benefits" under the Trust Agreement. Id. § 1.4. By amendment in February 2015, the Union Trustees are selected by "Teamsters Local 120 pursuant to its internal appointment procedures." Id. Ex. 1, Amendment No. 3. The trustees "have authority to control and manage the operation and administration" of the underlying pension plan and have "authority to control and manage" the Trust Agreement. Id. Ex. 1 § 1.8. Further, the Trustees are

> fiduciaries of the Trust and shall have the power to control the Trust and to perform all such acts, to take all such proceedings, and to exercise all such rights and privileges ... as the Trustee may deem necessary or advisable to administer the Trust or to carry out the purposes of [the Trust] Agreement.

Id. § 6.1. "All questions pertaining to [the] validity or construction [of the Trust Agreement] not otherwise preempted by federal law shall be determined in accordance with the laws of the State of Minnesota. Pet. ¶ 1; id. Ex. 1 § 12.12.

According to the petition, in December 2015, Employer SuperValu Inc. "removed" the Employer Trustees not employed by SuperValu and replaced them with SuperValu employees. Pet. ¶ 20. SuperValu claimed that it had a right to do so because it employs a majority of the Participants in the pension plan. Id.

On March 15, 2017, the Union Trustees filed a petition in Hennepin County District Court seeking judicial interpretation and construction of the Trust Agreement under Minn. Stat. Chapter 501C. Specifically, the Union Trustees allege that SuperValu appointed the "purported" Employer Trustees without following the methodology required by the Trust Agreement. Pet. ¶¶ 19-20. They seek a declaration that the "purported Employer Trustees were not and are not validly appointed as Employer Trustees of the Trust [Agreement]" and an order directing (1) removal of the Employer Trustees and (2) the appointment of Employer Trustees using the proper methodology. Id. at 7 ¶¶ 3-4.

On April 14, 2017, defendants and Employer Trustees Jon Born, Tracy McDonald, Sabin Peterson, and William Seehafer timely removed the petition to this court. The Employer Trustees argue the Union Trustees' claims, although pleaded under Minnesota law, arise

3

exclusively under the Employee Retirement Income Security Act of 1974 (ERISA) and are therefore preempted. The Union Trustees now move to remand.

**DISCUSSION**

A defendant may remove any case, pursuant to 28 U.S.C. § 1441, that invokes the court's original jurisdiction to hear all cases that arise under the Constitution or laws of the United States. 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a complaint that does not contain a federal cause of action cannot be removed to federal court in anticipation of a federal defense. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir. 2000). However, if Congress completely preempts an area of state law, the well-pleaded complaint rule does not apply and "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim." Lyons, 225 F.3d at 912 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).

The Union Trustees' complaint does not expressly plead a federal claim. According to the removal papers, however, the complaint sets forth a standard claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). ECF No. 1 ¶ 9. Thus, the court must consider whether the allegations in substance raise an ERISA claim. See Hull v. Fallon, 188 F.3d 939, 943 n.5 (8th Cir. 1999) (holding that

4

the "district court properly looked beyond the four corners of Hull's pleadings and considered the defendants' notice of removal to determine whether Hull, by artful pleading, sought to deny the defendants' right to a federal forum.").

Section 502(a)(3) allows fiduciaries, such as the Union Trustees here, to file an action to "enjoin any act or practice which violates any provision of this title" and to seek redress for such violations. There is no dispute that the pension plan is an "employee welfare benefit plan" under ERISA and that the Trust Agreement is governed by ERISA's fiduciary provisions. See 29 U.S.C. §§ 1002(1), 1103. Rather, the parties' disagreement centers on whether the conduct at issue constitutes a fiduciary or settlor function.

When "employers adopt, modify, or terminate plans that provide pension benefits, 'they do not act as fiduciaries, but are analogous to the settlors of a trust.'" Schultz v. Windstream Commc'ns, Inc., 600 F.3d 948, 951 (8th Cir. 2010) (quoting Lockheed Corp. v. Spink, 517 U.S. 882, 890 (1996)); see also Hunter v. Caliber Sys., Inc., 220 F.3d 702, 718 (6th Cir. 2000) ("[E]mployers who are also plan sponsors wear two hats: one as a fiduciary in administering or managing the plan for the benefit of participants and the other as employer in performing settlor functions such as establishing, funding, amending, and terminating the trust."). If, as the Union Trustees argue, the removal and appointment of

trustees is a purely settlor function, ERISA is not implicated and remand may be appropriate. This is not the case here, however, because the petition centers on fiduciary obligations set forth in the Trust Agreement.

The management of trustees does not involve one of the enumerated settlor functions – adopting, modifying, or terminating the pension plan. <u>Shultz</u>, 600 F.3d at 951. The dispute instead involves the removal and appointment of plan fiduciaries. <u>See, e.g.</u>, Pet. ¶¶ 11, 21, 22. It is well settled in this district that "[a] person with discretionary authority to appoint, maintain and remove plan fiduciaries is himself deemed a fiduciary with respect to the exercise of that authority." <u>In re Xcel Energy, Inc., Sec., Derivative & "ERISA'" Litig.</u>, 312 F. Supp. 2d 1165, 1176 (D. Minn. 2004); <u>see also</u> <u>Hickman v. Tosco Corp.</u>, 840 F.2d 564, 566 (8th Cir. 1988) ("Tosco is a fiduciary within the meaning of ERISA, and thus subject to the fiduciary standard of care, because it appoints and removes the members of the administrative committee that administers the pension plan."). Here, no one appears to dispute that SuperValu has the authority to remove and appoint Employer Trustees; the issue is whether it acted consistent with the Trust Agreement in doing so and, thus, met its fiduciary obligations. Under these circumstances, the court is satisfied that this matter is preempted by ERISA and that remand is inappropriate.

6

The Union Trustees also argue that removal was improper because not all interested parties joined in or consented to the removal. Although there are third parties that may be interested in this matter, there are no actual parties who have not consented to the removal. Indeed, the non-parties identified by the Union Trustees, e.g., Employers including SuperValu, were served with the petition and related documents in March 2017, but have apparently chosen not to involve themselves in these proceedings. See Atmore Aff. Ex. C. The court will not find removal improper based on absent non-parties' failure to consent to such removal.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to remand [ECF No. 7] is denied.

Dated: August 31, 2017

    s/David S. Doty
    David S. Doty, Judge
    United States District Court