UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-1176(DSD/DTS)

R. Thomas Erickson, et al.,

      Plaintiffs,

v.       ORDER

AmeriCold Logistics, LLC, et al.,

      Defendants.

---

    Thomas C. Atmore, Esq. and Leonard, O'Brien, Spencer, Gale & Sayre, LTD, 100 South 5th Street, Suite 2500, Minneapolis, MN 55402, counsel for plaintiffs.

    Deborah A. Ellingboe, Esq., Isaac B. Hall, Esq. and Faegre Baker Daniels, LLP, 90 South 7th Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants Jerry's Enterprises, Inc. and SuperValu, Inc.

    John J. McGowan,Jr., Esq. and Baker & Hostetler, LLP, Key Tower, 127 Public Square, Suite 2000, Cleveland, Ohio 44114; Mary L. Knoblauch, Esq. and Anthony Ostlund Baer & Louwagie, PA, 90 South 7th Street, Suite 3600, Minneapolis, MN 55402, counsel for cross-claimant Sysco Minnesota, Inc.

---

This matter is before the court upon the motion to dismiss by defendants SuperValu Inc. and Jerry's Enterprises, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This ERISA dispute arises out of the Minneapolis Food Distributed Industry Pension Fund Trust Agreement (Trust Agreement). Under the terms of the Trust Agreement, four trustees are appointed to represent the employers of plan participants

(Employer Trustees) and four trustees are appointed to represent the unions participating in the pension plan (Union Trustees). Am. Compl. ¶ 9. Teamsters Local 120, pursuant to its internal appointment procedures, select the Union Trustees. Id. ¶ 10; Pet. Ex. 1, Trust Agreement § 4.8. Employer Trustees are selected by "Employers of a majority of Participants." Trust Agreement § 4.8. "Participants" are defined as "[a]ny Employee or former Employee who is eligible for benefits" under the Trust Agreement, id. § 1.4, but the Union's employees "shall not be considered in connection with any determination required to be made by Employers of a stated percentage or majority of Employees." Id. § 1.3.

Plaintiffs[1] allege that on December 9, 2015, defendant SuperValu unilaterally removed the sitting Employer Trustees and appointed new Employer Trustees, contrary to the terms of the Trust Agreement. Am. Compl. ¶ 21. SuperValu, however, claimed that it had the right to take such action because it employs a majority of the Participants in the pension plan. Id. ¶ 20.

On March 15, 2017, plaintiffs filed a petition in Hennepin County District Court seeking judicial interpretation and construction of the Trust Agreement. Defendants timely removed, and the court denied plaintiffs' motion to remand holding that ERISA preempted plaintiffs' state law claims. See ECF No. 20. On

---

[1] Plaintiffs are R. Thomas Erickson, Richard L. Fredrick, Troy D. Gustafson, and William C. Wedebrand in their capacity as Union Trustees.

November 30, 2017, plaintiffs filed an amended complaint alleging that (1) SuperValu breached its fiduciary obligation under ERISA by failing to follow the terms of the Trust Agreement, and (2) the remaining defendants breached their fiduciary obligations under ERISA by acquiescing to SuperValu's violation of the Trust Agreement. Plaintiffs seek relief pursuant to 29 U.S.C. § 1132(a)(3).

Defendants SuperValu and Jerry's Enterprises now jointly move to dismiss, arguing that: (1) plaintiffs lack standing; (2) the complaint fails to state a claim upon which relief can be granted; and (3) the Labor Management Relations Act precludes the plaintiffs' claims.

## DISCUSSION

**I.   Standing**

Article III of the United States Constitution limits the jurisdiction of federal courts to justiciable cases and controversies. U.S. Const. art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan, 504 U.S. at 560. To satisfy Article III standing requirements, a plaintiff must demonstrate:

> (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

>challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). Whether the plaintiff has established the three elements of standing is an "inescapable threshold question." Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 799 (8th Cir. 2006). If a plaintiff lacks standing, "the district court has no subject-matter jurisdiction" and must dismiss the case. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002); Fed. R. Civ. P. 12(h)(3).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)(internal quotation marks omitted)(quoting Lujan, 504 U.S. at 560). An injury is "particularized" when it "affect[s] the plaintiff in a personal and individual way." Id. An injury is "concrete" when it "actually exist[s]." Id. (internal quotation marks omitted). In other words, a concrete injury is "not abstract." Id. But "intangible injuries," such as violations of the First Amendment, "can nevertheless be concrete." Id. at 1549. In deciding whether an intangible harm is an injury in fact, courts should consider "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as

provided a basis for a lawsuit in English and American courts." Id. Additionally, courts should consider the judgment of Congress when it creates "legally cognizable injuries ... that were previously inadequate at law." Id. (internal quotation marks omitted)(quoting Lujan 504 U.S. at 578). Although Congress "has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before," a plaintiff does not "automatically satisf[y] the injury-in-fact requirement" by merely pointing to a statutory violation. Id. (internal quotation marks and citation omitted). A plaintiff must still allege a concrete harm linked to the statutory violation - "a bare procedural violation" is insufficient. Id.; see also Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009)("But deprivation of a procedural right without some concrete interest that is affected by the deprivation - a procedural right in vacuo - in insufficient to create Article III standing.").

**II. Analysis**

Plaintiffs contend that they have Article III standing because any alleged violation of ERISA meets the injury-in-fact requirement. In support, they cite to 29 U.S.C. § 1132(a)(3), which states that a civil action may be brought by

> a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions

5

of [ERISA] or the terms of the plan.

In other words, plaintiffs argue that they have standing simply because the statute authorizes the commencement of this suit. The court disagrees.

Neither a statutory violation nor the authorization to bring suit is necessarily sufficient to meet the injury-in-fact requirement. See Spokeo, 136 S. Ct. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").

Although Spokeo recognized that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," id. at 1549, this is not the case in breach of fiduciary duty claims brought under § 1132(a)(3). The Eighth Circuit has held that "[u]nder ... § 1132(a)(3), ... plaintiffs must show actual injury ... to the Plan ...." Thole v. U.S. Bank, Nat'l Ass'n, 873 F.3d 617, 630 (8th Cir. 2017). Further, the mere allegation of a breach of fiduciary duty under ERISA, without more, is insufficient to confer standing. See id. at 624, 630 (holding that plaintiffs lacked standing because they did not show an actual injury to the plan, despite alleging a breach of fiduciary duty); see also Harley v. Minn. Mining & Mfg. Co., 284 F.3d 901, 905-907 (8th Cir. 2002)(holding that, despite an

"imprudent investment," the plaintiffs lacked standing because there was no actual injury).

Here, plaintiffs allege that defendants breached their fiduciary duties by violating the terms of the Trust Agreement, but they do not allege any actual injury - to themselves, the Plan, or its participants or beneficiaries - caused by the alleged breach.

Plaintiffs contend that their status as trustees, and therefore fiduciaries, somehow alters the standing analysis. They specifically note that trustees have long had standing to petition courts to construe trust agreements. Although generally true, plaintiffs do not cite to any case in which a court has construed a trust agreement in the abstract and absent any concrete or particularized injury. Indeed, plaintiffs' cases all involved an actual injury. See e.g., CIGNA Corp. v. Amara, 563 U.S. 421 (2011)(beneficiaries alleged that change in pension plan provided them with less generous benefits); Sereboff v. Mid Atl. Med. Servs., Inc., 547 U.S. 356 (2006)(fiduciary seeking reimbursement for amounts that the plan paid for beneficiaries' medical expenses); In the Matter of the Trust Created by W. Hill on December 31, 1917, for the Benefit of Maud Hill Schroll, 499 N.W.2d 475 (Minn. Ct. App. 1993)(trustee challenging beneficiary's unilateral attempt to replace trustee); In re Butler's Trusts, 26 N.W.2d 204 (Minn. 1947)(trustee seeking order that certain expenses were chargeable against the trust and that the trustee should be

reimbursed for those expenses). The fact that plaintiffs are trustees does not excuse them from well established standing requirements.[2] Plaintiffs have failed to allege an injury in fact and, therefore, lack standing. As a result, the court must dismiss their claims.[3]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendants' joint motion to dismiss [ECF No. 96] is granted;

2. Plaintiffs' claims against SuperValu Inc. and Jerry's Enterprises, Inc. are dismissed with prejudice; and

3. Jerry's Enterprises, Inc. is dismissed from this action.

Dated: May 2, 2018

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court

---

[2] The court rejects plaintiffs' contention that the prior order denying remand, [ECF No. 20], should influence the court's analysis here. In denying plaintiffs' motion to remand, the court only held that plaintiffs' claims were preempted by ERISA; it did not address whether plaintiffs had constitutional standing. See id. The court noted that ERISA authorized plaintiffs, as fiduciaries, to bring suit, but, as already discussed, statutory authorization to bring suit is not synonymous with constitutional standing. See id. at 4.

[3] Because the court finds that the plaintiffs do not have standing, it does not address defendants' remaining arguments for dismissal.